**Peter and Luba RINALDI,**
**Plaintiffs–Appellants,**

v.

**The AMERICAN RED CROSS,**
**Defendant–Appellee.**

No. 00–9200.

United States Court of Appeals,
Second Circuit.

June 25, 2001.

Peter and Luba Rinaldi, Syracuse, NY, pro se.

Eric J. Ward, Esq., Ward, Norris, Heller & Reidy, LLP, Rochester, NY, for defendant-appellee The American Red Cross.

Present WALKER, Chief Circuit Judge, JACOBS, and CALABRESI, Circuit Judges.

Plaintiffs-appellants Peter and Luba Rinaldi ("the Rinaldis"), *pro se,* appeal from an August 18, 2000 judgment of the District Court for the Northern District of New York (Mordue, *J.*), granting summary judgment to the defendant, the American Red Cross. The Rinaldis allege that the American Red Cross ("the Red Cross") was negligent in its testing, manufacture, inspection, storage, distribution, promotion and sale of a unit of blood, which was transfused into Mr. Rinaldi during his stay at a Syracuse, New York hospital. The complaint, initially filed in state court and removed to federal court by the Red Cross, alleged that the blood caused Rinaldi to go into septic shock and respiratory distress. The complaint also contained derivative claims raised by Mrs. Rinaldi.

The Red Cross moved for summary judgment pursuant to Fed.R.Civ.P. 56 and Northern District Local Rule 7.1, arguing that the Rinaldis could not show that the Red Cross had breached its duty of care as established by the prevailing standards employed in the collection and storage of blood, and the breach was the proximate cause of Mr. Rinaldi's injury. Although the Rinaldis did not receive notice from the Red Cross or from the district court regarding the nature and consequences of summary judgment, they filed an opposition to the Red Cross's motion noting which statements they took issue with, and what they believed the facts showed. The Red Cross filed a reply to the Rinaldis' opposition to its motion arguing that the Rinaldis did not meet their burden in opposing the motion for summary judgment,

and, therefore, the district court should grant the motion for summary judgment.

The district court granted the Red Cross's motion for summary judgment on the ground that the Rinaldis had not established that a material dispute of fact existed as to (1) whether the professional standards presented by the Red Cross were applicable to this case; (2) whether the Red Cross had adhered to these standards; or (3) whether the Red Cross had acted reasonably. The district court based this determination on the fact that the Rinaldis had not submitted any "competent evidence, expert or otherwise, contesting the applicable standards, disputing [the] Red Cross's compliance with those standards or otherwise challenging the reasonableness of the Red Cross's handling of [the blood]."

■ Before summary judgment may be entered against a *pro se* litigant, the court must ensure that the litigant understands the nature of a motion for summary judgment and how to respond thereto. *See Vital v. Interfaith Medical Center,* 168 F.3d 615 (2d Cir.1999). A *pro se* litigant can be said to understand these principles if (1) the district court provided notice of the nature and consequences of a summary judgment motion; (2) the opposing party provided such notice; or (3) the litigant demonstrated an understanding of the nature of summary judgment as evidenced by the papers submitted in opposition to the motion. *Id.* at 620–21.

■ In this case, the Rinaldis did not receive the required notice, and their response to the Red Cross's motion for summary judgment fails to do more than point out issues of contention. This demonstrates that they did not understand the need to produce evidence and/or affidavits raising disputed issues of fact.

For the reasons discussed, the judgment of the district court is hereby VACATED and REMANDED to the district court for proceedings not inconsistent with this order.